62 F.3d 1433
 40 Cont.Cas.Fed. (CCH) P 76,822
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RAVEN INDUSTRIES, INC., Appellant,
v.
Admiral Frank KELSO, II, Secretary of the Navy, Appellee.
 No. 93-1374.
 United States Court of Appeals, Federal Circuit.
 July 31, 1995.
 
 Before RICH, NEWMAN, and CLEVENGER, Circuit Judges.
 Opinion for the court filed by Judge NEWMAN. Judge RICH concurs in the result.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Raven Industries, Inc. appeals the decision of the Armed Services Board of Contract Appeals,[1] holding that the Board did not have jurisdiction of Raven's claims under the Contract Disputes Act because the specific amounts had not been resolved before their submission to the contracting officer. The Board relied on this court's decision in Dawco Construction, Inc. v. United States, 930 F.2d 872 (Fed. Cir. 1991), and the Board's application of Dawco Construction in deciding Reflectone, Inc., ASBCA No. 43081, 93-1 BCA p 25,512 (1992), aff'd on reconsid., Reflectone, Inc., ASBCA No. 43081, 93-3 BCA p 25,966 (1993). On appeal to this court, in Reflectone, Inc. v. United States, No. 93-1373 (Fed. Cir. July ___, 1995) the court, en banc, reversed the Board's holding and expressly overruled the holding of Dawco Construction that supported it. Thus it is clarified that the Board's jurisdiction did not depend on whether a sum certain had been asserted to the contracting officer.
 
 
 2
 At the time Raven submitted its claims to the contracting officer the dispute centered on the cause of and responsibility for the Navy's rejection of the cable lots, and whether they were properly rejected. Whether or not the exact amounts of the damages were stated at the time the claims were submitted to the contracting officer, a sum certain was stated in the appeals to the Board. It is not disputed that the claims were otherwise correctly presented. In accordance with our reconsideration decision in Reflectone, the Board's jurisdiction was properly invoked.
 
 
 3
 The Board's decision is reversed, and the case is remanded for reinstatement and consideration of the merits of Raven's appeals Nos. 44048 and 44049.
 
 
 
 [1]
 Raven Indus., Inc., ASBCA Nos. 44048, 44049 (April 6, 1993)